

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Lindsey McCulley*
*Assistant United States Attorney*
*Lindsey.McCulley@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4948*
*MAIN: 410-209-4800*
*FAX: 410-962-0717*

May 18, 2020

The Honorable Ellen L. Hollander
United States District Judge
United States Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

      Re:    Amendment to Government's Response to Motion for Compassionate Release in *United States v. Marvin Wise*
             Crim. No. ELH-18-072

Dear Judge Hollander:

      The Government writes to **amend** its Response to the Defendant's Motion for Compassionate Release and Sentence Modification. ECF 180. Since filing its response on May 11, 2020, undersigned counsel has been informed that the Department of Justice ("DOJ") has taken the position that inmates who suffer from a condition identified by the Center for Disease Control and Prevention ("CDC") as putting them at higher risk for severe illness from COVID-19 and who are not expected to recover from that condition, present an "extraordinary and compelling reason" to be considered for compassionate release—even if that condition in ordinary times would not meet the terms of the policy statement. *See* U.S.S.G. § 1B1.13 cmt. n. 1(A)(ii)(I).

      These CDC risk factors include:
- People 65 years and older;
- People who live in a nursing home or long-term care facility'
- People of all ages with underlying medical conditions, particularly if not well controlled, including:
    - People with chronic lung disease or moderate to severe asthma
    - People who have serious heart conditions
    - People who are immunocompromised
        - Many conditions can cause a person to be immunocompromised, including cancer treatment, smoking, bone marrow or organ transplantation, immune deficiencies, poorly controlled HIV or AIDS, and prolonged use of corticosteroids and other immune weakening medications
    - People with severe obesity (body mass index [BMI] of 40 or higher)
    - People with diabetes

- People with chronic kidney disease undergoing dialysis
- People with liver disease

Centers for Disease Control, "People Who Are at Higher Risk for Severe Illness," available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html, accessed May 18, 2020.

The Defendant's medical records indicate that he suffers from asthma. The CDC notes that "[p]eople with moderate to severe asthma may be at higher risk of getting very sick from COVID-19. COVID-19 can affect your respiratory tract (nose, throat, lungs), cause an asthma attack, and possibly lead to pneumonia and acute respiratory disease." The Defendant's medical records do not indicate whether his asthma is mild, moderate, or severe, but do indicate the Defendant has never required a controller medication or been hospitalized for asthma, and that his asthma worsens with colds but not exercise. The Defendant also suffers from kidney disease, and had a kidney removed after previously suffering from cancer, but he does not require dialysis. The CDC does not explain further whether this would make the Defendant immunocompromised. The Defendant has had heart attacks in the past but the records do not reflect whether that would mean he suffers from a "serious heart condition." Regardless, he does suffer from Type II diabetes, which is clearly identified as a risk factor by the CDC. Thus, consistent with current DOJ policy, the Government does not contest the Defendant's eligibility for being considered for compassionate release in this case because he suffers from a condition identified by the CDC as putting him at higher risk for severe illness. *See* U.S.S.G. § 1B1.13 cmt. n. 1(A)(ii)(I).

Even though the Government considers the Defendant eligible for consideration of compassionate release, the Government still maintains that the Defendant should not be granted compassionate release for all the other reasons outlined in its response. The Government's review of cases where compassionate release was granted or denied appropriately demonstrate that the Defendant is not a good candidate for compassionate release. As fully outlined in the Government's response, the Defendant has served very little of his sentence, the Bureau of Prisons and FCI-Allenwood have taken steps to minimize the COVID-19 risks and to effectuate any necessary treatment in that facility, and the 18 U.S.C. §3553 factors were appropriately considered by this Court just 10 months ago and do not militate in favor of a sentence less than what the Court already ordered. The Government respectfully continues to request that the Court deny the Defendant's Motion for Compassionate Release.

Very truly yours,

Robert K. Hur
United States Attorney

_____/s/_____
Lindsey McCulley
Assistant United States Attorney

via CM/ECF: counsel of record